Territorial Law Library

IN THE SUPERIOR COURT OF GUAM

SUPERIOR COURT
OF GUAM

2012 SEP 27 PM 4:04

| | | |
|---|---|---|
| PEOPLE OF GUAM, | ) | CRIMINAL CASE NO. CM 1264-11 |
| | ) | |
| vs. | ) | **AMENDED** |
| | ) | **DECISION AND ORDER** |
| RAYMOND SIGUENZA MANSAPIT, | ) | **(Motion for Reconsideration)** |
| | ) | |
| Defendant. | ) | |

Defendant's Motion for Reconsideration was heard on September 21, 2012 before the HONORABLE ELIZABETH BARRETT-ANDERSON. People were represented by Assistant Attorney General James C. Collins, and Defendant was represented by Attorney Suresh Sampath. The Court having considered all the motions and arguments herein now renders the following decision, and for the reasons stated below, Defendant's Motion for Reconsideration is **GRANTED.**

## HISTORY

On March 12, 2012, Defendant was charged with: (1) Driving While Under the Influence of Alcohol, misdemeanor (BAC); (2) Driving While Under the Influence of Alcohol, misdemeanor; and (3) Operating a Motor Vehicle without a Valid License, petty misdemeanor.

Defendant filed a Notice of Motion to have his Motion to Suppress heard before The Court on March 23, 2012. On June 6, 2012, the Court issued its Decision denying Defendant's Motion to Suppress (hereinafter "June 6th Decision"). On June 15, 2012, Defendant filed a Motion for Reconsideration.

The issues of fact remain contested as set forth in the June 6th Decision.

## DISCUSSION

Defendant moves to suppress "any and all evidence" obtained by Officers as a result of an unlawful detention of his person in violation of 8 Guam Code Annotated §30.10-30.60, Guam's "Stop and Frisk" statute. Guam law provides, "whenever a peace officer encounters any person under circumstances which reasonably indicate that such person has committed, is committing or is about to commit a criminal offense, the peace officer may detain such person." 8 GCA §30.10. Defendant argues

+

that the peace officers (hereinafter "Officers") lacked reasonable suspicion to effect an investigatory stop.

The June 6th Decision addresses time and place limitations upon detention rather than the point at issue, which is whether the Officers had reasonable suspicion to detain Defendant.

**CONCLUSION**

The Court finds that an evidentiary hearing is necessary to determine if the facts support the presence of reasonable suspicion to effect an investigatory stop. Based on the foregoing analysis, Defendant's Motion for Reconsideration is **GRANTED.**

A Criminal Trial Setting is presently scheduled for October 8, 2012, at 9:00 a.m. before the Honorable Judge Vern E. Perez, at which time a Suppression Hearing may be set by the Court.

**IT IS SO ORDERED** this 27th day of September 2012.

**HONORABLE ELIZABETH BARRETT- ANDERSON**
Senior Judge Pro Tempore, Superior Court of Guam

I do hereby certify that the foregoing is a full true and correct copy of the original on file in the office of the clerk of the Superior Court of Guam

SEP 2 7 2012

Perse M. Angoco
DEPUTY CLERK, Superior Court of Guam